**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1441-WJM-MJW

ARNELL SHELTON,

    Plaintiff,

v.

D. BERKEBILE, FCC Warden, and
JENNIFER COULTER,

    Defendants.

_____

**ORDER ADOPTING FEBRUARY 19, 2015 RECOMMENDATION OF MAGISTRATE JUDGE AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT**
_____

This matter is before the Court on the February 19, 2015 Recommendation of United States Magistrate Judge Michael J. Watanabe (the "Recommendation") (ECF No. 52) that Defendants' Motion to Dismiss and for Partial Summary Judgment (ECF No. 35) be granted in part and denied in part.[1]  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Despite Judge Watanabe's favorable ruling, Defendants filed their objections to the Recommendation on February 24, 2015.  (ECF No. 54.)  Defendants argue that, should the Court disagree with Judge Watanabe's holding, the Court should

---

[1] Plaintiff's Amended Complaint contains two causes of action consisting of an Eighth Amendment claim for deliberate indifference to serious medical needs, and a Fourteenth Amendment claim for violation of due process rights.  (ECF Nos. 18 & 52.)  In their Motion to Dismiss, Defendants made multiple arguments as to why Plaintiff's claims should be dismissed.  (ECF No. 35.)  While Judge Watanabe agreed that both claims should be dismissed, he only found two of Defendants' arguments to be persuasive, resulting in a partial denial of the Motion.  However, this partial denial was only an alternative holding should the Court disagree with the Recommendation's stated reasons for dismissal.  (ECF No. 52.)

nonetheless dismiss Plaintiff's Amended Complaint on an alternative basis. (*Id.*) However, the Court concludes that Judge Watanabe's analysis was thorough and sound, and that there is no clear error on the face of the record. Plaintiff filed no objections to the Recommendation.[2] Because the Court adopts the Recommendation that both of Plaintiff's claims be dismissed, the Court does not reach Defendants' alternative argument as to why its Motion to Dismiss should be granted. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

In accordance with the foregoing, the Court ORDERS as follows:

(1)  Judge Watanabe's Recommendation (ECF No. 52) is ADOPTED in its entirety;

(2)  Defendants' Motion to Dismiss and for Partial Summary Judgment (ECF No. 35) is GRANTED IN PART and DENIED IN PART to the extent specified in Judge Watanabe's Recommendation;

(3)  Defendants' Objections (ECF No. 54) are DENIED AS MOOT;

(4)  Plaintiff's Amended Complaint (ECF No. 18) is DISMISSED; and

---

[2] The Recommendation found that Plaintiff's Eighth Amendment claim should be dismissed because Plaintiff had failed to exhaust his administrative remedies prior to filing suit. (ECF No. 52 at 11.) Plaintiff argues in his Response to Defendants' Objections that the Defendants misled Judge Watanabe, and that he had in fact exhausted all of his administrative remedies prior to filing this action. (ECF No. 58 at 4.) However, Judge Watanabe found, correctly, that Plaintiff had not done so, and Plaintiff presents no actual evidence indicating otherwise.

(5)     The Clerk of the Court shall close this case, and enter judgment in favor of Defendants.  Each party shall bear his or her own costs.

Dated this 8th day of April, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge